IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RONALD GOLDBERG

      Petitioner,

vs.                              Case No. 5:22-cv-210-TKW/MAL

WARDEN KEVIN PISTRO,

      Respondent.

_____/

## <u>REPORT AND RECOMMENDATION</u>

This case is before the Court on Respondent's Motion to Dismiss for Failure to Exhaust Administrative Remedies, as supplemented ECF No. 13, 20, and Petitioner's responses in opposition to the motion and his own motion for summary judgment ECF Nos. 14-16, 21, 22. The case was referred to me for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). After review, I find, for the reasons discussed herein, the motion to dismiss for failure to exhaust administrative remedies should be granted as to Ground One of the petition. I further find that Ground Two of the petition should be denied on the merits.

## I.     Sentencing and Procedural History

### A. Sentencing History

Petitioner Ronald Goldberg was arrested by the United States Marshal Service on March 4, 2012, after his indictment in the United States District Court for the District of South Dakota, Southern Division. *See* ECF No. 20-5 at 2, 11; D. S.D. Case 4:11cr40111, ECF No. 1. On February 29, 2016, Petitioner pleaded guilty to Counts 1, 2 and 5 of the fourth superseding indictment (two counts of bank fraud and one count of wire fraud), and the remaining nineteen counts were dismissed. ECF No. 20-5 at 21-22; D. S.D. Case 4:11cr40111, ECF No. 276. The South Dakota District Court sentenced Petitioner to "time served for each count," followed by five years of supervised release on Counts 1 and 2, and three years on Count 5, all to run concurrently. ECF No. 20-5 at 23; D. S.D. Case 4:11cr40111, ECF No. 276. At the time of sentencing, Petitioner had been in custody from March 4, 2012 to February 29, 2016 (4 years and 25 days).

Effective August 5, 2016, jurisdiction of Petitioner's supervised release was transferred to the Northern District of Iowa and assigned Case No. 5:16cr4066. D. S.D. Case 4:11cr40111, ECF No. 279. On October 14, 2021, Petitioner was arrested in the Southern District of Florida based on a violation of supervised release warrant issued by the Northern District of Iowa. *See* S.D. Fla. Case 0:21mj06571, ECF No.

5. On February 1, 2022, the Northern District of Iowa found Petitioner in violation of his supervised release and sentenced him to three years' imprisonment followed by two additional years of supervised release. N.D. Ia. Case 5:16cr4066, ECF No. 153. Petitioner remains in custody and has a projected release date of December 20, 2023. https://www.bop.gov/inmateloc/.

**B. Procedural History**

Petitioner initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 in September of 2022. The operative petition is now the second amended petition in which he raises two grounds for relief. ECF No. 11. In Ground One, Petitioner claims the Federal Bureau of Prisons (BOP) improperly denied him 15 days per month of sentencing credit to which he is entitled under the First Step Act (FSA). ECF No. 11 at 3. In Ground Two, Petitioner claims the BOP should reduce his sentence by 216 days for good time credits under 18 U.S.C. § 3624 which were not credited to the original sentence he completed before being sentenced for violating his supervised release. ECF No. 11 at 3.

The Warden responded by moving to dismiss the petition, asserting Petitioner had failed to exhaust his administrative remedies regarding his FSA claim in Ground One. ECF No. 13. The response did not address Petitioner's claim in Ground Two regarding the 216 days of good time credit.

On December 5, 6, and 7, 2022, the clerk received Petitioner's Reply Brief, a motion for summary judgment, and a "[Supplemental] Brief to the Respondent's Show Cause Order." ECF Nos. 14-16. In the motion for summary judgment Petitioner requests the Court issue the writ of habeas corpus as requested and order Respondent to release him to either supervised release or a halfway house. ECF No. 15. In his supplemental brief, Petitioner claimed the response was incomplete or misleading, in that since he had filed his petition, he had had a second risk assessment, resulting in a second consecutive low risk pattern score, thus supporting his claim he is entitled to additional monthly FSA credits and immediate release to a halfway house or supervised release. ECF No. 16 at 1-2, 4-5.

On December 15, 2022, I ordered Respondent to file a supplemental response addressing Petitioner's second ground for relief as well as any subsequent developments potentially relevant to the determination of Petitioner's sentencing credits. Respondent did not file a narrative response, instead submitting two declarations and attachments. ECF No. 20.

On January 17, 2023, Petitioner filed another reply again seeking immediate release. ECF No. 21. On January 19, 2023, the Clerk received a separately mailed exhibit in support of the reply. ECF No. 22.

On March 1, 2023, the clerk docketed Petitioner's Emergency Petition for Status Hearing. ECF No. 23. The Court denied the motion, noting the high volume of cases pending before it, many of which involve petitioners who also contend they are entitled to immediate release. ECF No. 24. Cases are typically ruled upon in the order in which they become ripe, and the filing of "emergency" motions diverts the Court's time and attention from the task of substantive review of this and other cases.

Most recently, on April 6, 2023, the Court received Petitioner's Emergency Motion for Immediate Release from Prison. ECF No. 25. Petitioner contends therein he is entitled to be released to a halfway house on April 13, 2023, i.e. six months before his "Elderly Offender Two-Thirds Date" of October 13, 2023, irrespective of whether the Court orders the credit he seeks in his habeas petition. *Id.* at 1-2, 4. The Court notes that Petitioner's projected release date has changed from April 10, 2024 to December 20, 2023 since the Warden filed a response to the petition, but the Elderly Offender Two-Thirds date remains unchanged from when he first filed his petition. *Cf.* ECF No. 13-1 at 3 *and* ECF No. 25 at 4 (both reflecting Elderly Offender Two Thirds Date of 10/13/2023); https://www.bop.gov/inmateloc/ (reflecting projected release date of 12/20/23).

This is undoubtedly an evolving situation complicated by Petitioner's multiple filings and his attempts to reframe or add to his initial claims. However, the only

issues properly before me are those raised in Petitioner's second amended petition (ECF No. 11).

## II.    Discussion

### A. Ground One—FSA Credits

In Ground One of his second amended petition, Petitioner claims he is being denied proper FSA credits for his period of incarceration for violation of supervised release from October 14, 2021, to present. ECF No. 11 at 3, 7-8. Respondent asserts this claim is subject to dismissal because Petitioner did not exhaust his administrative remedies.

### 1.    BOP Administrative Remedy Procedure

The BOP's administrative remedy procedure is a multi-tier system. *See* 28 C.F.R. §§ 542.10-542.19. Before seeking formal review, an inmate should attempt to resolve the matter informally by presenting his complaint to staff on a form commonly referred to as a BP-8. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate then initiates the formal review process.

The BOP's formal review process has three steps. First, the inmate must file a Request for Administrative Remedy, commonly referred to as a BP-9, with the warden of the facility. 28 C.F.R. § 542.14; *see also Forde v. Miami Fed. Dep't of Corr.*, 730 F. App'x 794, 798 (11th Cir. 2018) (citing Federal Bureau of Prisons

Inmate Admission & Orientation Handbook at 41; 28 C.F.R. § 542.14(a)-542.15(a)). The deadline for completion of the BP-8 and submission of the BP-9 is twenty days from the date of the incident leading to the grievance, although an extension may be granted if the inmate demonstrates a valid reason for delay. *Id*. Second, if the inmate is dissatisfied with the warden's response to the grievance, the inmate may appeal to the Regional Director by filing a Regional Administrative Remedy Appeal or BP-10. 28 C.F.R. § 542.15(a). This appeal must be filed within twenty days of the warden's response to the grievance. *Id*. Third, if the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the BOP's Central Office by filing a Central Office Administrative Remedy Appeal, or BP-11. 28 C.F.R. § 542.15(a). This appeal must be filed within thirty days of the Regional Director's response. *Id*. The appeal to the Central Office is the final administrative level of appeal in the BOP. To fully exhaust, an inmate must properly complete each step of the BOP administrative remedy process. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (citation omitted); *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 856 (11th Cir. 2020). Ordinarily, if a remedy is rejected at any level it is returned to the inmate and the inmate is provided with a written notice explaining the reason for rejection and an extension of time to correct the defect and resubmit the appeal. *See* 28 C.F.R. § 542.17(b).

The BOP also has its own deadlines for responding to inmate grievances. If an inmate does not receive a response within the time allotted for reply, the inmate may consider the absence of a response to be a denial at that level. 28 C.F.R. § 542.18.

### 2. Respondent's Motion to Dismiss

Adjudicating a motion to dismiss for failure to exhaust administrative remedies involves two steps. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)). First, the Court "looks to the factual allegations in the Respondent's motion to dismiss and those in the Petitioner's response, and if they conflict, takes the Petitioner's version of the facts as true. If, in that light, Respondent is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Turner*, 541 F. 3d at 1082 (citation omitted). In those cases where the case is not subject to dismissal at step one, the Court proceeds to step two. Step two requires the Court "to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. Petitioner's claim for FSA credits in Ground One of his second amended petition can be denied at step one because the facts regarding exhaustion are not in dispute, and Petitioner has not exhausted his administrative remedies.

Bridgitte Forward, Secretary to the Associate Warden at FCI Marianna avers

in her declaration that she has reviewed the SENTRY[1] administrative remedy records database and located 149 administrative remedies Petitioner filed while in BOP custody. ECF No. 13-3 at ¶ 11. As of the date of Ms. Forward's declaration, November 18, 2022, Petitioner had only filed two administrative remedies related to the application of federal time credits under the FSA: AR-1134515-F1 at the institutional level, and AR-1134515-R1 at the regional level. *Id.* at ¶ 12. Petitioner's appeal at the regional level, AR-1134515-R1, remains pending. *Id.*

Petitioner's version of the facts does not conflict with Respondent's motion to dismiss. Petitioner never claims to have completed the administrative review process through the Central Office levl. Instead, he states that after receiving the Warden's BP-9 response, he "felt anything after [that] would be [futile] as he would [get] the same response all the way up the ladder." ECF No. 14 at 4. In the exhibits, Petitioner includes a BP-9 with what appears to be Petitioner's handwritten notation that the regional director did not respond in the 20 days allotted by policy. *See* ECF No. 14-1 at 10. Even though he did not receive a timely regional level response, Petitioner had the option to pursue a central office level appeal (*see* 28 C.F.R. §

---

[1] The BOP uses a computerized system known as SENTRY to log and track inmate grievances as they progress through the administrative remedy process. *See* ECF No. 13-3 at ¶s 3, 9. Remedies filed at the institutional level are given an identifying number and the suffix "- F." *Id.* at ¶ 6. Appeals of an administrative remedy maintain the same identifying number but receive the suffix "-R" (for BP-10s filed at the Regional Office) or "-A" (for BP-11s filed with the Central Office.) *Id.*

542.18), but has not done so.

Because Petitioner has not yet pursued a central office appeal, he has not exhausted his administrative remedies. Petitioner's belief that exhaustion is futile because he would get the same response "all the way up the ladder" (ECF No. 14 at 4) is not a valid argument for excusing his failure to exhaust. For starters, it is doubtful whether a futility exception is available on a § 2241 petition in this circuit. *Perez v. Joseph*, 2022 WL 2181090, at *2 (N.D. Fla. May 4, 2022). Even if a futility exception were available, Petitioner has not met his burden of demonstrating extraordinary circumstances to show that exhaustion of administrative remedies would be futile. *Id.* Thus Petitioner's claim in Ground One for denial of FSA credits must be dismissed for failure to exhaust administrative remedies.

## B. Ground Two—Good Conduct Time Credit

In Petitioner's second ground for relief, he claims he was denied 216 days of good conduct time (GCT) credit that he should have received for his original sentence.

As noted above, Respondent did not address this issue in the motion to dismiss and was thus directed to file a supplemental response. ECF No. 17. The "supplement" consists only of two additional declarations and myriad attachments. Lacking a narrative response, the Court is left to glean Respondent's argument from

the declarations and attachments thereto. Respondent does not raise failure to exhaust as a defense to Ground Two, but rather, through the declaration of Veronica Hodge, asserts Petitioner is not entitled to GCT he claims he is due. ECF No 20-4 at 1-2.

Ms. Hodge is a Management Analyst in the BOP's Designation and Sentence Computation Center whose duties include auditing and reviewing sentence computations. ECF No. 20-4 at 1, 2. Ms. Hodge explains the BOP awards GCT credit in accordance with Title 18 U.S.C. § 3624(b), which allows up to 54 days' credit each year toward service of a sentence for inmates who have satisfactorily complied with institutional disciplinary regulations. ECF No. 20-4 at ¶ 5.

Ms. Hodge states because the District Court for the Southern District of South Dakota imposed a "time served" sentence resulting in Petitioner's release, GCT could not be awarded toward that sentence. *Id.* at ¶¶ 4&7. Rather, the time from March 4, 2012 through February 29, 2016 is considered "prior custody credits" and not a term of imprisonment. *Id.* at ¶ 7. Ms. Hodge's position makes logical sense because the BOP had no way to shorten Petitioner's original sentence of "time served" with GCT because Petitioner had no term of imprisonment to serve after he was sentenced.

To the extent Petitioner argues GCT from his original sentence should now be

credited toward his three-year sentence for violation of supervised release, this argument is without merit. Petitioner is not due any GCT credits toward his sentence for violation of supervised release even if those credits could have been earned on his original sentence that has already concluded. *See Parks v. Quay*, 2020 WL 2525957 (M.D. Penn. 2020) (treating revocation sentence separate from original sentence for calculation of credits); *Beal v. Kallis*, 2020 WL 822439 (D. Minn. 2020) ("The moment Beal's prior terms of imprisonment ended was also the moment that Beal became ineligible for additional good-time credit resulting from those terms of imprisonment"); *see also* 28 C.F.R. § 2.35(b) ("Once an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release.").

Petitioner has not shown that some seven years after his release from custody he is entitled to GCT credits to offset his current term of imprisonment imposed for violating his supervised release. Ground Two of the petition should be denied as without merit.

Accordingly, it is respectfully RECOMMENDED:

1.     Respondent's Motion to Dismiss for Failure to Exhaust Administrative Remedies (ECF No. 13) be **GRANTED** and Ground One of the Habeas Petition (ECF No. 11) be **DISMISSED.**

2.     Ground Two of the Petitioner's habeas petition (ECF No. 11) be **DENIED** as without merit.

3.     Petitioner's Petition for Summary Judgment (ECF No. 15) and Emergency Motion for Immediate Release from Prison (ECF No. 25) be **DENIED** as moot in light of the foregoing.

4.     The second amended petition under 28 U.S.C. § 2241 (ECF No. 11) be **DISMISSED**.

5.     The clerk be directed to close the case file.

At Gainesville, Florida on May 3, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.